# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0224V

|  |  |
|---|---|
| JENIFER TAYLOR,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2026 |

*Edward M. Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On February 6, 2025, Jenifer Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine received on October 24, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Initially, Respondent asserted that Petitioner had not established that her shoulder pain began within 48 hours of vaccination (ECF No. 20 at *11-13). Thereafter, I reviewed

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the record and issued a fact ruling finding that Petitioner's shoulder pain likely began within 48 hours of vaccination (ECF No. 22).

On May 6, 2026, Respondent filed an amended Rule 4(c) report. Respondent's Amended Rule 4(c) Report, ECF No. 26. Respondent recognizes that my fact ruling is law of the case, and states that he will not defend the case on other grounds, but reserves the right to a potential appeal. *Id.* at *2 n.1. Respondent states that in light of my fact ruling and the medical record evidence submitted in this case, he has concluded that Petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table in that "petitioner had no history of pain, inflammation, or dysfunction of her right shoulder prior to vaccination; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at *5. Respondent further agrees that the record demonstrates that Petitioner suffered the residual effects of her condition for more than six months, and has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master