# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0224V

|  |  |
|---|---|
| JENIFER TAYLOR,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: May 13, 2026 |

*Brynna Gang, Kraus Law Group, LLC, Chicago, IL, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On February 6, 2025, Jenifer Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccine received on October 24, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 8, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 12, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,000.00, plus funds to satisfy a Medicaid lien as further set forth below. Proffer at 2-3. In the Proffer,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following**

A. **A lump sum payment of $100,000.00 (in pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum payment of $789.30, representing compensation for satisfaction of the State of Georgia Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> Georgia Dept. of Community Health
> 100 Crescent Center Pkwy Suite 1000
> Tucker, GA 30084
> Re: Jenifer Taylor – Case No. 240180/0000364859

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

JENIFER TAYLOR,

                  Petitioner,

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                  Respondent.

No. 25-224V (ECF)

Chief Special Master Brian H. Corcoran

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]**

On February 6, 2025, Jenifer Taylor ("petitioner") filed a petition seeking compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. § 300aa-1 *et seq.*, for an injury she allegedly sustained following a seasonal influenza ("flu") vaccination administered on October 24, 2022. Petition at 1. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), which is an injury listed on the Vaccine Injury Table for the flu vaccine (a "Table injury"). *Id.* On May 6, 2026, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of the Chief Special Master Findings of Fact ruling that the onset of petitioner's right arm pain occurred within 48 hours of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 26. On May 8, 2026, the Chief Special Master issued a Ruling

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[2]

ECF No. 28.

## I.    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following:

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    Medicaid Lien

Respondent further proffers that petitioner, Jenifer Taylor, should be awarded funds to

satisfy, in full, the State of Georgia Medicaid lien in the amount of $789.30, which represents

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of

Georgia may have against any individual as a result of any Medicaid payments the State of

Georgia has made to or on behalf of Jenifer Taylor from the date of her eligibility for benefits

through the date of judgment in this case as a result of his vaccine-related injury, under Title XIX

of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's March 6, 2026, entitlement decision, ECF No. 22.

## II.    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's Decision and the Court's Judgment award the following:[3]

A.    Petitioner's Damages

A lump sum payment of **$100,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Jenifer Taylor.

B.    Medicaid Lien

A lump sum payment of **$789.30**, representing compensation for satisfaction of the State of Georgia Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to

Georgia Dept. of Community Health
100 Crescent Centre Pkwy Suite 1000
Tucker, GA 30084
Re: Jenifer Taylor – Case No. 240180/0000364859

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

3

*s/ J. Connor Daughton*
J. CONNOR DAUGHTON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:    (202) 305-3907
Email: james.c.daughton@usdoj.gov

DATED: May 12, 2026

## CERTIFICATE OF SERVICE

I certify that today, May 12, 2026, a copy of the foregoing filing was or will be served by electronic mail to petitioner's counsel, Brynna Gang, at bgang@krauslawyers.com.

*s/ J. Connor Daughton*
J. Connor Daughton
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:    (202) 305-3907
Email: james.c.daughton@usdoj.gov

DATED: May 12, 2026